Filed 3/17/15  P. v. Anaya-Cortinas CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LUPE LOREEN ANAYA-CORTINAS,<br><br>    Defendant and Appellant. | B258707<br><br>(Los Angeles County<br>Super. Ct. No. MA062167) |

THE COURT:[*]

Appellant Lupe Loreen Anaya-Cortinas was charged with residential burglary with a person present in the home at the time (Pen. Code, §§ 459, 462, subd. (a), 667.5, subd. (c)(21)), elder abuse (Pen. Code, § 368, subd. (b)(1)), battery on an elder (Pen. Code, § 243.25), and possession of narcotics in jail (Pen. Code, § 4573.6, subd. (a)).  A 1996 burglary conviction was alleged as a prior conviction that disqualified appellant from a realigned sentence.  (Pen. Code, § 1170, subd. (h)(3).)

Appellant waived her trial rights and pled no contest to the burglary charge.[1]  In conjunction with this plea, she admitted the person present allegation and that her prior

---

[*]    BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

[1]    Because there was no trial, we set forth the facts briefly, based on testimony presented at appellant's preliminary hearing:  Appellant entered the home of a friend and hit her friend's mother.  Appellant then left, taking with her a purse belonging to the

conviction was a prior serious felony (Pen. Code, § 667, subd. (a)) and a prior "strike" (Pen. Code, §§ 667, 1170.12).

The trial court immediately sentenced appellant to state prison for the agreed-upon term, consisting of the six-year, upper term sentence on the burglary count, doubled to 12 years because of the "strike," enhanced by five years for the prior serious felony conviction enhancement.

On August 23, 2014, appellant timely filed a notice of appeal.

Counsel was appointed to represent appellant in connection with this appeal. After examination of the record, counsel filed an "Opening Brief" in which no arguable issues were raised. On December 23, 2014, we advised appellant that she had 30 days within which to personally submit any contentions or issues for us to consider. No response has been received to date.

We have examined the entire record and are satisfied that appellant's appellate counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).) We see no indication that the trial court erred in sentencing appellant in accordance with the plea agreement. Accordingly, we conclude that appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment and sentence entered against her in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

The judgment and resentencing order are affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

---

victim's daughter. Appellant had been living off and on in that home for a couple of days prior to the incident.